**FILED**

MAR 1 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BEVERLY WINKELMAN and <br> OTIS WINKELMAN <br> Plaintiffs, <br><br> v. <br><br> HARTIG DRUG COMPANY, an Iowa <br> corporation, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) Judge Kapala <br> ) Case No  08 C 5 0 0 4 0 <br> ) <br> ) <br> ) |

# COMPLAINT AT LAW

**NOW COME,** BEVERLY WINKELMAN and OTIS WINKELMAN by and through their attorney, Scott A. Berndtson of Berndtson & Associates, PC, in their Complaint at Law against the Defendant, Hartig Drug Company, an Iowa corporation, stating as follows:

## PARTIES

1. Plaintiffs are citizens of the State of Illinois and reside and have resided at East Dubuque, Illinois at all times relevant to this action.

2. Defendant Hartig Drug Company is a duly organized corporation pursuant to the laws of the State of Iowa and at all times relevant herein was operating the pharmacy at issue in Dubuque, Iowa.

3. The employee-pharmacist of Hartig Drug Company referenced below was, upon information and belief, is a duly-licensed pharmacist in the State of Iowa and was employed by

Hartig Drug Company at all times relevant to this action at Hartig Drug Company Pharmacy #2 located on 157 Locust St., Dubuque, Iowa.

## JURISDICTION

4.  This court has proper diversity jurisdiction in that Plaintiffs were at all times residents of Illinois and the Defendant is a foreign corporation with its principle place of business in Iowa, where the situs of the claims arose, and the amount in controversy exceed this court's required jurisdictional minimum.

## BACKGROUND

5.  On or about December 19, 2006, Plaintiff's physician, Dr. Thomas R. Boxleiter. Prescribed for Plaintiff, Beverly Winkelman, Thioridazine in 10 milligrams as part of Plaintiff's treatment

6.  On or about December 19, 2006, Plaintiff took this prescription issued by Dr. Boxleiter to be filled by Defendant Hartig Drug Company at their pharmacy on Locust Street in Dubuque, Iowa.

7.  Plaintiff handed the prescription to Defendant's employee-pharmacist, who was employed by and acting as the agent of Hartig Drug Company, in order to have the prescription filled.

8.  Both employee-pharmacist and Hartig Drug Company are and were in the business of filling and selling prescription drugs.

9.  Shortly thereafter, employee-pharmacists gave Plaintiff, Beverly Winkelman, a bottle

purporting to contain the drug prescribed by Dr. Boxleiter which she purchased and consumed according to the instructions given.

10. Instead of filling the bottle with the drug actually prescribed by Dr. Boxleiter, however, the employee-pharmacist did then and there negligently fill Plaintiff's prescription with the drug Thioxthixene and not Thioridazine as prescribed.

11. In reliance on employee-pharmacist's purported skill as a pharmacist Plaintiff, Beverly Winkelman, proceeded to ingest the incorrect drug provided by Hartig Drug Company and its employee-pharmacist while unaware that the drug contained in the bottle was *not* that prescribed for her by Dr. Boxleiter.

12. Plaintiff duly ingested the drugs as provided to her by Hartig Drug Company.

13. As a result of ingesting the wrongly given drug, rather than the drug actually prescribed by Dr. Boxleiter, Beverly Winkelman has suffered and continues to suffer numerous physical injuries, including but not limited to: tremors, confusion, loss of memory and severe anxiety all of which have combined to cause great suffering in her life, and the lives of her family members, especially her husband Otis Winkelman; a suffering from which they have never recovered.

14. Moreover, both Plaintiffs have suffered and continue to suffer mental and emotional distress as a result of the physical ailments which developed after Beverly Winkelman began taking the improperly tendered drug.

15. Plaintiff still has pain remaining from these ailments and her mental and emotional distress has caused her to become physically ill, despondent and, at times, severely depressed.

16. Plaintiff is currently under the treatment of a psychiatrist and receives nursing care because of the conditions caused by this pharmaceutical malpractice.

17. Plaintiff has had to incur medical and psychiatric treatment and expenses as a direct result of the aforementioned malpractice and she will incur more medical and psychiatric bills arising there from in the future.

18. It was not until March 15, 2006, during a consultation with the Dr. Boxlieter, necessitated by ongoing concern over Plaintiff Beverly Winkelman's deteriorating condition, and which consultation was also attended by the Plaintiff s' daughter and son-in-law, Kerri Stephenson and Mark Stephenson, that the Plaintiff first learned that her deteriorating condition was likely resulting from a reaction to the medications improperly provided by Hartig Drug Company instead of those actually prescribed by Dr. Boxlieter.

19. Plaintiff now seeks an award of damages in an amount in excess of $1,000,000.00 as a direct result of the alleged negligence of Defendant Hartig Drug Company and it agent employee-pharmacist.

## FIRST CAUSE OF ACTION

20. Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 20.

21. Hartig Drug Company's employee-pharmacist had a duty to correctly fill the prescription presented by Plaintiff.

22. Hartig Drug Company's employee-pharmacist breached this duty by filling Plaintiff's prescription with medication contrary to the drug prescribed for her by Dr. Boxleiter.

23. Hartig Drug Company, as the employer of its agent pharmacist, is liable for those acts of negligence, which were performed by the employee-pharmacists in the scope of his

employment at Hartig Drug Company.

24.     As a result of the acts of its employee-pharmacist the Hartig Drug Company has proximately caused Beverly Winkelman to suffer the aforementioned serious injuries and substantial damages.

    **WHEREFORE,** Plaintiff, Beverly Winkelman, demands judgment in the amount of $ 1,000,000.00 against Defendant Hartig Drug Company including the costs of this action, and any other relief the Court shall deem just and proper under the circumstances.

## SECOND CAUSE OF ACTION

25.     Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 25.

26.     When employee-pharmacist and Hartig Drug Company sold Plaintiff, Beverly Winkelman, the prescription drug, they impliedly warranted that they used due care in filling the prescription

27.     They violated this warranty, when the prescription sold to Beverly Winkelman was filled negligently.

28.     As a result, Plaintiff, Beverly Winkelman, has suffered the aforementioned serious injuries and substantial damages.

    **WHEREFORE,** Plaintiff, Beverly Winkelman, demands judgment in the amount of $ 1,000,000.00 against Defendant Hartig Drug Company including the costs of this action, and any other relief the Court shall deem just and proper under the circumstances.

## THIRD CAUSE OF ACTION

29.     Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 29.

30.     As a direct and proximate cause of the Defendant Hartig Drug Company's negligence upon the Plaintiff, Beverly Winkelman, the Plaintiff, Mr. Otis Winkelman, has suffered and continues to suffer substantial and compensable injuries relating to his loss of consortium with his wife.

**WHEREFORE,** Plaintiff, Otis Winkelman, demands judgment against Defendant Hartig Drug Company in an amount in excess of $ 100,000.00 including costs relating to his loss of consortium action, and for any other relief the Court shall deem just and proper under the circumstances.

                                    RESPECTFULLY SUBMITTED,


                                    _____
                                    Scott A. Berndtson,
                                    Attorney for Plaintiffs Beverly Winkelman
                                    And Otis Winkelman.

Scott A. Berndtson, PC
Scott A. Berndtson
956 Creekside Circle
Naperville, IL 60563
(o)630-637-8505
(f)630-637-8517
ARDC # 6195525