IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY WINKELMAN and OTIS WINKELMAN, *Plaintiff*, | ) ) | |
| vs. | ) | No.  08 C 50040 |
| HARTIG DRUG COMPANY, an Iowa corporation, *Defendant.* | ) ) ) | Judge Kapala |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant, HARTIG DRUG COMPANY, by its attorneys, LINDSAY, RAPPAPORT & POSTEL, LLC, for its Answer to Plaintiff's Complaint at Law, states as follows:

### PARTIES

1. Plaintiffs are citizens of the State of Illinois and reside and have resided at East Dubuque, Illinois at all times relevant to this action.

    **Answer:** Admitted to the extent of the information available to Defendant.

2. Defendant Hartig Drug Company is a duly organized corporation pursuant to the laws of the State of Iowa and at all times relevant herein was operating the pharmacy at issue in Dubuque, Iowa.

    **Answer:** Admitted.

3. The employee-pharmacist of Hartig Drug Company referenced below was, upon information and belief, is a duly-licensed pharmacist in the State of Iowa and was employed by Hartig Drug Company at all times relevant to this action at Hartig Drug Company Pharmacy #2 located on 157 Locust St., Dubuque, Iowa.

    **Answer:** Admitted.

## JURISDICTION

4.  This court has proper diversity jurisdiction in that Plaintiffs were at all times residents of Illinois and the Defendant is a foreign corporation with its principle place of business in Iowa, where the situs of the claims arose, and the amount in controversy exceed this court's required jurisdictional minimum.

**Answer:** Admitted based on information available to Defendant, however, as to the amount in controversy, Defendant admits only that Plaintiff alleges a claim in excess of the Court's jurisdictional minimum, but denies that the true value of that claim does exceed the Court's jurisdictional minimum.

## BACKGROUND

5.  On or about December 19, 2006, Plaintiff's physician, Dr. Thomas Boxleiter prescribed for Plaintiff, Beverly Winkelman, Thioridazine in 10 milligrams as part of Plaintiffs treatment.

**Answer:** Denied as pled. Defendant admits that prior to December 19, 200**5**, Plaintiff's physician, Dr. Thomas Boxleiter prescribed for Plaintiff, Beverly Winkelman, Thioridazine in 10 milligrams. Defendant believes that the date of December 19, 200**6,** as alleged, is a typographical error, and the date in question should be December 19, 2005.

6.  On or about December 19, 2006, Plaintiff took this prescription issued by Dr. Boxleiter to be filled by Defendant Hartig Drug Company at their pharmacy on Locust Street in Dubuque, Iowa.

**Answer:** Denied as pled. Defendant admits that, on December 19, 200**5**, Plaintiff went to the Hartig Drug Company store on Locust Street in Dubuque Iowa, and picked up the

prescription on that date. Defendant believes that the date of December 19, 200**6,** as alleged, is a typographical error, and the date in question should be December 19, 2005.

7. Plaintiff handed the prescription to Defendant's employee-pharmacist, who was employed by and acting as the agent of Hartig Drug Company, in order to have the prescription filled.

**Answer:** Denied.

8. Both employee-pharmacist and Hartig Drug Company are and were in the business of filling and selling prescription drugs.

**Answer:** Admitted.

9. Shortly thereafter, employee-pharmacists gave Plaintiff, Beverly Winkelman, a bottle purporting to contain the drug prescribed by Dr. Boxleiter which she purchased and consumed according to the instructions given.

**Answer:** Denied.

10. Instead of filling the bottle with the drug actually prescribed by Dr. Boxleiter, however, the employee-pharmacist did then and there negligently fill Plaintiff's prescription with the drug Thioxthixene and not Thioridazine as prescribed.

**Answer:** Denied as pled. Defendant admits that Defendant incorrectly filled the prescription for Thoridazine with Thioxthixene, 10mg., and on December 19, 2005 provided Plaintiff with Thioxthixene, 10mg.

11. In reliance on employee-pharmacist's purported skill as a pharmacist Plaintiff, Beverly Winkelman, proceeded to ingest the incorrect drug provided by Hartig Drug Company and its employee-pharmacist while unaware that the drug contained in the bottle was not that prescribed for her by Dr. Boxleiter.

**Answer:** Defendant has been informed that Plaintiff did ingest Thioxthixene, and admits this, only, on information and belief. Defendant is without information sufficient to form a belief as to whether the Plaintiff was unaware of the whether the drug contained in the bottle was not that prescribed for her by Dr. Boxleiter., or whether Plaintiff took any actions in reliance on employee-pharmacist's purported skill as a pharmacist.

12. Plaintiff duly ingested the drugs as provided to her by Hartig Drug Company.

**Answer:** Defendant has been informed that Plaintiff did ingest Thioxthixene, and admits this, only, on information and belief.

13. As a result of ingesting the wrongly given drug, rather than the drug actually prescribed by Dr. Boxleiter, Beverly Winkelman has suffered and continues to suffer numerous physical injuries, including but not limited to: tremors, confusion, loss of memory and severe anxiety all of which have combined to cause great suffering in her life, and the lives of her family members, especially her husband Otis Winkelman; a suffering from which they have never recovered.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 13 and therefore denies same.

14. Moreover, both Plaintiffs have suffered and continue to suffer mental and emotional distress as a result of the physical ailments which developed after Beverly Winkelman began taking the improperly tendered drug.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 13 and therefore denies same.

15. Plaintiff still has pain remaining from these ailments and her mental and emotional distress has caused her to become physically ill, despondent and, at times, severely depressed.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 13 and therefore denies same.

16. Plaintiff is currently under the treatment of a psychiatrist and receives nursing care because of the conditions caused by this pharmaceutical malpractice.

Answer: Denied as pled.

17. Plaintiff has had to incur medical and psychiatric treatment and expenses as a direct result of the aforementioned malpractice and she will incur more medical and psychiatric bills arising there from in the future.

**Answer:** Denied as pled.

18. It was not until March 15, 2006, during a consultation with Dr. Boxlieter,

necessitated by ongoing concern over Plaintiff Beverly Winkelman's deteriorating condition, and which consultation was also attended by the Plaintiffs' daughter and son-in-law, Kern Stephenson and Mark Stephenson, that the Plaintiff first learned that her deteriorating condition was likely resulting from a reaction to the medications improperly provided by Hartig Drug Company instead of those actually prescribed by Dr. Boxlieter.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the averments of paragraph 18 and therefore denies same.

19.　Plaintiff now seeks an award of damages in an amount in excess of $1,000,000.00 as a direct result of the alleged negligence of Defendant Hartig Drug Company and it agent employee-pharmacist.

**Answer:**　Defendant admits that Plaintiff is seeking damages as pled, but denies that Plaintiff is entitled to any damages, denies that any injuries incurred by Plaintiff were proximately caused by any act or omission on the part of Defendant, and denies that Plaintiff was injured to the extent claimed.

## **FIRST CAUSE OF ACTION**

20.　Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 20.

**Answer:**　Defendant incorporates by reference its answers to paragraphs 1 through 19 for its answer to paragraph 20.

21.　Hartig Drug Company's employee-pharmacist had a duty to correctly fill the prescription presented by Plaintiff.

**Answer:** Defendant admits to all duties imposed by law.

22. Hartig Drug Company's employee-pharmacist breached this duty by filling Plaintiffs prescription with medication contrary to the drug prescribed for her by Dr. Boxleiter.

**Answer:** Defendant admits only that it incorrectly filled the subject prescription. Whether this act constitutes a breach of a legal duty is a legal question to be determined by the Court and Defendant need not admit or deny same.

23. Hartig Drug Company, as the employer of its agent pharmacist, is liable for those acts of negligence, which were performed by the employee-pharmacists in the scope of his employment at Hartig Drug Company.

**Answer:** Defendant admits only that its pharmacist was its employee acting in the scope of his employment with Hartig Drug Company. Defendant denies the remaining allegations of paragraph 23.

24. As a result of the acts of its employee-pharmacist the Hartig Drug Company has proximately caused Beverly Winkelman to suffer the aforementioned serious injuries and substantial damages.

**Answer:** Denied.

**WHEREFORE,** Defendant Hartig Drug Company, requests that this Court enter judgment in its favor and against the Plaintiff.

## SECOND CAUSE OF ACTION

25. Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 25.

**Answer:** Defendant incorporates by reference its answers to paragraphs 1 through 19 for its answer to paragraph 25.

26. When employee-pharmacist and Hartig Drug Company sold Plaintiff, Beverly Winkelman, the prescription drug, they impliedly warranted that they used due care in filling the prescription.

**Answer:** This allegation states a legal conclusion rather than a factual averment. To the extent answer is necessary; denied.

27. They violated this warranty, when the prescription sold to Beverly Winkelman was filled negligently.

**Answer:** This allegation states a legal conclusion rather than a factual averment. To the extent answer is necessary; denied.

28. As a result, Plaintiff, Beverly Winkelman, has suffered the aforementioned serious injuries and substantial damages.

**Answer:** Denied.

**WHEREFORE**, Defendant Hartig Drug Company, requests that this Court enter judgment in its favor and against the Plaintiff.

## THIRD CAUSE OF ACTION

29. Paragraphs 1 through 19 are hereby restated in their entirety and incorporated herein as though fully set forth in this paragraph 29.

**Answer:** Defendant incorporates by reference its answers to paragraphs 1 through 19 for its answer to paragraph 29.

30. As a direct and proximate cause of the Defendant Hartig Drug Company's negligence upon the Plaintiff, Beverly Winkelman, the Plaintiff, Mr. Otis Winkelman, has suffered and continues to suffer substantial and compensable injuries relating to his loss of consortium with his wife.

**Answer:** Denied.

**WHEREFORE**, Defendant Hartig Drug Company, requests that this Court enter judgment in its favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

Defendant Hartig Drug Co., by its attorneys Lindsay, Rappaport & Postel, LLC, for its Affirmative Defenses to the Plaintiff's Complaint, state as follows:

### First Affirmative Defense - Statute of Limitations

1. Under the applicable statute of limitations for plaintiff's claim, she was required to file suit within two years of the date of injury, or two years from the date she discovered or in the exercise of reasonable care should have discovered the injury and or its alleged cause.

2. Plaintiff failed to file this lawsuit within the time allowed by law, and her action is therefore barred.

**WHEREFORE**, Defendant Hartig Drug Company, requests that this Court enter judgment in its favor and against the Plaintiff.

### Second Affirmative Defense - Comparative Negligence

1. At all times relevant, the Plaintiff had a duty to exercise reasonable care for her own safety.

2. Plaintiff breached that duty and failed to exercise reasonable care for her own safety in one or more of the following respects:

   (a) Failing to read the label on the bottle containing Thioxthixene, which was clearly labeled as containing Thioxthixene;

   (b) Ingesting the Thioxthixene which was not prescribed for her despite the product being clearly labeled as such;

   (c) Possibly ingesting more Thioxthixene than the labeled prescription called for; and

   (d) Failing to immediately discontinue ingesting Thioxthixene when she noticed or should have noticed side effects or symptoms; and

   (e) Failing to immediately notify her physician when her alleged side effects and symptoms began.

3. The Plaintiff's damages were caused, in whole or in part, by one or more of the above acts and or omissions.

4. In the event the finder of fact assesses liability against Defendant, Defendant maintains that one or more of the foregoing acts of plaintiff's own negligence proximately caused her injury and damages to some extent, and any judgment rendered against Defendant should be reduced in accordance with the percentage of plaintiff's own negligence in causing her injuries, and in the event that Plaintiff's negligence is more than 50% of the cause of her injuries, then she should recover nothing.

**WHEREFORE**, Defendant Hartig Drug Company requests that any award of damages to Plaintiff be reduced by the percentage of negligence attributable to her, and/or that judgment be entered in favor of Defendant.

s/ Stuart N. Rappaport
Stuart N. Rappaport (Atty #6198875)

Lindsay, Rappaport & Postel, LLC
221 N. West Street
Waukegan, IL 60085
Tel: 847/244-4140
Fax: 847/244-4203

Attorneys for Defendant Hartig Drug Co.

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I electronically filed Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint at Law with the Clerk of the Court using the ECF system which sent notification of such filing to Filing Users in this matter.

s/ Carol L. Vela