UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**PARTIES' PROPOSED CASE MANAGEMENT ORDER**

I.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in 08 C 50040 on April 11, 2008 and was attended by:

Scott Berndtson for Plaintiff(s) Beverly and Otis Winkleman.
Stuart N. Rappaport for Defendant(s) Hartig Drug Co.

II.     The Fed. R. Civ. P. 26(a)(1) material will be exchanged by May 16, 2008.

III.    Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of make a Rule 68 offer of judgment

X       Parties agree that mediation will be considered as the case develops. Some fact depositions will be helpful, and defendant may be interested in pursuing a dispositive motion. The parties will advise the Court as to possibility of mediation at the next conference.

IV.     Discovery Plan. The parties jointly propose to the court the following discovery plan:

   A) Discovery will be needed on the following subjects:

   Plaintiff's injuries; proximate cause of injuries; plaintiff's condition before as compared to after occurrence; when the occurrence was discovered or should have been discovered; defendant's conduct in effecting the mis-fill.

   B) Maximum of 30 interrogatories by each party to any other party.

   C) Maximum of 20 requests for admission by each party to any other party.

   D) Maximum of 5 deposition by Plaintiff(s) and 10 by Defendant(s).

   E) Each deposition [other than of plaintiff, her guardian, and her treating physician] shall be limited to a maximum of two hours unless extended by agreement of the parties.

F) Fact discovery cut-off is set for September 19, 2008.

G) Report from retained expert for the Plaintiff under Rule 26(a)(2) due October 17, 2008. Deposition of Plaintiff's expert shall be taken by November 4, 2008. Report from retained expert for Defendant under rule 26(a)(2) due November 28, 2008. Deposition of Defendant's expert shall be taken by December 19, 2008. Supplementations under rule 26(c) will be scheduled by the court at the request of parties.

H) All discovery shall be cut off by December 19, 2008 (should be no longer than date for Defendant's expert deposition).

I) Time for the parties to amend pleadings and add counts or parties is hereby established as September 19, 2008.

J) The parties suggest the next discovery conference with the court be August 6, 2008.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.