IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BEVERLY WINKELMAN and OTIS WINKELMAN, ) | |
| Plaintiff, ) | |
| vs. ) | No.  08 C 50040 |
| HARTIG DRUG COMPANY, an Iowa corporation, ) | Judge Kapala |
| Defendant. ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE coming on to be heard on Defendant's Motion for Release of Records, due and proper notice having been given and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI"), pertaining to Plaintiff, BEVERLY WINKELMAN, to the extent, and subject to the conditions, outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" or "protective health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 150.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All parties must fully comply with all applicable discovery rules, statutes and precedent. Upon such compliance, all "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Plaintiff BEVERLY WINKELMAN, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI of Plaintiff, BEVERLY WINKELMAN, solely for matters reasonably connected with the above captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, and consultants), the parties' insurers, experts, consultants, court reporters, copy services, and jurors.

5. At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received pursuant to paragraph 4 of

this order shall destroy any and all copies of PHI pertaining to Plaintiff, BEVERLY WINKELMAN, except: 1) the defendant that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession until the conclusion of their involvement in the litigation.

6.  This order shall not control or limit the use of the protected health information pertaining to Plaintiff, BEVERLY WINKELMAN, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" as that term is defined in 45 CFR 160.103.

7.  Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, patient authorization or attorney-client communications.

Dated 5/21/08

ENTER:

_____
MAG / JUDGE

Prepared by:  Stuart N. Rappaport
Lindsay, Rappaport & Postel, LLC
221 N. West Street, Waukegan, IL 60085