IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | | |
|---|---|---|---|
| BEVERLY WINKELMAN and OTIS WINKELMAN, | ) | | |
| *Plaintiff,* | ) | | |
| vs. | ) | No. | 08 C 50040 |
| HARTIG DRUG COMPANY, an Iowa corporation, | ) | | Judge Kapala |
| *Defendant.* | ) | | Magistrate Mahoney |

## MOTION TO COMPEL

Defendant, HARTIG DRUG COMPANY, by its attorneys, Lindsay, Rappaport & Postel, LLC, and pursuant to Fed. R. Civ. P. 37 (a)(3), moves this Court for entry of an order compelling the Plaintiff to provide a complete Rule 26 disclosure, and to answer interrogatories and a production request, and in support thereof states as follows:

1. Plaintiffs submitted their Rule 26(a) disclosure on May 27th. (Exhibit A). It is incomplete, as it does not contain a computation of the damages claimed.

2. Defendant's counsel requested compliance by letter dated June 10th. (Exhibit B). Plaintiff's counsel has yet to comply.

3. Defendant's counsel served interrogatories and a production request to plaintiff's counsel on June 10th. Plaintiff's counsel has yet to answer them.

4. The undersigned counsel hereby certifies that he has in good faith conferred with plaintiff's counsel regarding the above issues. Counsel discussed this while in court on August 6th 2008; and the undersigned e-mailed plaintiff's counsel the interrogatories and production request on August 7th, in order to facilitate plaintiff's response.

**WHEREFORE**, Defendant HARTIG DRUG COMPANY requests that this Court compel plaintiff to provide a complete Rule 26 disclosure, and answers to the interrogatories and production request, by a date certain, and that the Court grant such other and further relief as it deems just.

s/ Stuart N. Rappaport  
Stuart N. Rappaport  
Attorney for Defendant

Lindsay, Rappaport & Postel, LLC  
221 N. West Street  
Waukegan, IL  60085  
Tel:  847/244-4140  
Fax:  847/244-4203

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BEVERLY WINKELMAN and ) <br> OTIS WINKELMAN ) <br> Plaintiffs, ) <br> ) <br> ) Case No. 2008 C 50040 <br> HARTIG DRUG COMPANY, an Iowa ) <br> corporation,    Defendant ) | |

**PLAINITFF 'S RULE 26(a)(1) INITIAL DISCLOSURE**

Plaintiffs Beverly Winkelman and Otis Winkelman by and through their attorney Scott A. Berndtson PC, hereby submits its initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. Disclosure:

1) Jeanie Wiley (h) 815-747-3842. Friend.

2) Mary Ford, (h) 641-682-5965.  Friend.

3) Norma Schuster, (w) 563-556-2424, (h) 563-747-3842 Beverly Winkelman's Hairdresser.

4) Kerry Stephenson, Plaintiffs' Daughter, 55 Remington Park Circle, East Dubuque, IL 60125 (h) 815-747-6221.

5) Mark Stephenson, Plaintiffs' Son-in-Law, 55 Remington Park Circle, East Dubuque, IL 60125 (h) 815-747-6221.

6)  Plaintiff, Otis Winkelman. 53 Remington Park Circle, East Dubuque, IL 60125

7) Dr. Thomas R. Boxleiter, Plaintiff Beverly Winkelman's Physician. (w) 563-584-3000. 1000 Medical Associates, 1000 Langworthy, Dubuque, IA 52001-7365

B. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses, unless for impeachment.

Disclosure:

**1) Medical Records of Plaintiff Beverly Winkelman.**

C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered.

Disclosure:

**1) Financial Damages Report by Donald L. Frankenfeld.**

**2) Medical Records of Plaintiff Beverly Winkelman.**

Plaintiffs incorporate by reference the Rule 26 disclosures submitted and to be submitted by the other parties to this litigation, and reserve the right to supplement this disclosure, or disclose further information by other discovery methods, as discovery progresses. This disclosure contains only that information reasonably known and available to this Defendant, as of this time, and remains subject to Defendant's continuing investigation.

RESPECTFULLY SUBMITTED,

*/s/ Scott A. Berndtson*

Scott A. Berndtson, Attorney for Plaintiffs

Beverly Winkelman And Otis Winkelman.

Scott A. Berndtson, PC
Scott A. Berndtson
956 Creekside Circle
Naperville, IL 60563
(o)630-637-8505
(f)630-637-8517
ARDC # 6195525



# Lindsay, Rappaport & Postel, LLC

Attorneys at Law
221 N. West Street
Waukegan, IL 60085
Tel: 847/244-4140
Fax: 847/244-4203

*Chicago Office:*
180 N. Michigan Avenue, Ste. 1850
Chicago, IL 60601
Tel: 312/629-0208
Fax: 312/629-1404

*Reply to: Waukegan Office*

William C. Lindsay*
Stuart N. Rappaport*
Joseph P. Postel*

Timothy M. Arthurs
Mary Beth O'Brien
Christopher J. Pickett
Natalie M. Mesplou

Of counsel:  Scott G. Ridge*

*Admitted to Federal Trial Bar*

Website:
www.lrplawfirm.com

June 10, 2008

Writer's Direct Dial/E-mail:
847/244-4140 ext. 18
srappaport@lrplawfirm.com

Scott A. Berndtson
Scott A. Berndtson, P.C.
956 Creekside Circle
Naperville, IL 60563

    Re:    Winkelman v. Hartig Drug Company
          Court No.:    08 C 50040 (Fed. Ct. N. Dist., IL)
          DOL.:    2/19/05
          Our File No.:    07-1712-AIC

Dear Mr. Berndtson:

    I have reviewed your Rule 26 disclosure and it is insufficient. The rule requires you to provide a "computation of any category of damages claimed by the disclosing party." Your disclosure fails to do so. I do not believe that you have produced to us a set of medical bills, nor do I see a computation of damages claimed, such as an itemization of specials or the like. Moreover, your expert's report is not comprehensible and I would appreciate a narrative as to exactly what he is claiming are the damages you would seek.

    Please consider this as my second Rule 37 (a)(2) request for your compliance. Please feel free to confer with me regarding any problems you may have.

Very Truly Yours,

Stuart N. Rappaport

SNR/cv